UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAVID WHITE                                                                                          PLAINTIFF

VS.                             Civil No. 2:14-cv-02123-MEF

CAROLYN W. COLVIN,                                                                            DEFENDANT
Commissioner of Social Security Administration

## MEMORANDUM OPINION

Plaintiff, David White, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for a period of disability, disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

### I.     Procedural Background:

Plaintiff filed his application for DIB on March 1, 2012[1], and for SSI on March 28, 2012, alleging an onset date of October 23, 2010, due to memory problems and back and neck pain. (T. 350) Plaintiff's applications were denied initially and on reconsideration. (T. 240-242, 243-246, 248-249, 250-252) Plaintiff then requested an administration hearing, which was held in front of

---

[1] Prior applications for disability were filed on April 8, 2009 and March 24, 2010. On September 28, 2012, the Hon. James R. Marschewski, United States Magistrate Judge, found substantial evidence supporting the ALJ's decision of October 22, 2010, denied Plaintiff benefits, and affirmed the ALJ's decision.

1

Administrative Law Judge ("ALJ"), Hon. Bill Jones, on January 24, 2013. Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 48 years old and had completed 10th grade. (T. 351) His past relevant work experience included operating a forklift from 1991 until 2008. (T. 351)

On March 13, 2013, the ALJ found Plaintiff's disorder of the cervical spine severe. (T. 122) Considering the Plaintiff's age, education, work experience, and the residual functional capacity ("RFC") based upon all of his impairments, the ALJ concluded Plaintiff was not disabled from October 23, 2010 through the date of his Decision issued March 13, 2013. The ALJ determined Plaintiff had the RFC to perform light work, except he could occasionally reach overhead, frequently flex, extend, and rotate his neck; Plaintiff was limited to work involving simple, routine, and repetitive tasks, and simple work-related decisions, with few, if any, workplace changes. (T. 169)

Plaintiff appealed this decision to the Appeals Council. While the review was initially denied, on April 28, 2013 the Appeals Council set aside their earlier action denying review in order to consider additional information. (T. 1-4) On May 22, 2014, the Appeals Council determined the additional information did not provide a basis for changing the ALJ's Decision. (T. 2) Plaintiff then filed this action on May 24, 2014. (Doc. 1) This case is before the undersigned pursuant to consent of the parties. (Doc. 8) Both parties have filed briefs, and the case is ready for decision. (Doc. 10 and 11)

## II.     Applicable Law:

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the

Commissioner's decision. *Teague v. Astrue*, 638 F.3d 611, 614 (8th Cir. 2011). The Court must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the Court must affirm the ALJ's decision. *Id.*

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy

given his or her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III.   Discussion:

The Court must determine whether substantial evidence, taking the record as a whole, supports the Commissioner's decision that Plaintiff had not been disabled from the alleged date of onset October 23, 2010 through the date of the ALJ's decision issued March 13, 2013. Plaintiff raises three issues on appeal, which can be summarized as: (A) the ALJ failed to fully and fairly develop the record; (B) the ALJ erred in his credibility and *Polaksi* analysis; and, (C) the ALJ erred in his RFC determination. (Doc. 10, pp. 13-20)

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and they are repeated here only to the extent necessary.

### Fully and fairly develop the record:

Plaintiff asserts the ALJ failed to fully and fairly develop the record when the ALJ failed to order an additional orthopedic consultative examination. (Doc. 10, pp. 13) The Court agrees.

The ALJ owes a duty to a Plaintiff to develop the record fully and fairly to ensure his decision is an informed decision based on sufficient facts. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). In determining whether an ALJ has fully and fairly developed the record, the proper inquiry is whether the record contained sufficient evidence for the ALJ to make an informed decision. *See Haley v. Massanari*, 258 F.3d 742, 748 (8th Cir. 2001). The ALJ is only required to develop a reasonably complete record. *See Clark v. Shalala*, 28 F.3d 828, 830 (8th Cir. 1994).

4

"A disability claimant is entitled to a full and fair hearing under the Social Security Act." *Halverson v. Astrue*, 600 F.3d 922, 933 (8th Cir. 2010) (internal quotations and citation omitted). Where "the ALJ's determination is based on all the evidence in the record, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations," the claimant has received a "full and fair hearing." *Id*. (internal quotations and citation omitted). "The ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Id*. (internal quotations and citation omitted).

> While the ALJ has an independent duty to develop the record in a social security disability hearing, the ALJ is not required "to seek additional clarifying statements from a treating physician unless a crucial issue is undeveloped." *Stormo* [*v. Barnhart*], 377 F.3d [801,] 806 [(8th Cir. 2004)]. The Commissioner's regulations explain that contacting a treating physician is necessary only if the doctor's records are "inadequate for us to determine whether [the claimant is] disabled" such as "when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§404.1512(e), 416.912(e).

*Goff v. Barnhart*, 421 F.3d 785, 791 (8th Cir. 2005).

At the hearing on January 24, 2013, Plaintiff's attorney requested an orthopedic consultative examination. The ALJ denied the request in his Decision. (T. 165, 182) The last consultative physical examination was performed in 2009 by Advanced Practice Registered Nurse, Marie Pham-Russell ("APN Pham-Russell"). The ALJ relied, in part, on APN Pham-Russell's physical examination in determining his RFC; however, since her examination in 2009, a magnetic resonance imaging ("MRI") conducted on July 25, 2011 showed Plaintiff had a very small central annular tear at C5-6 and uncovertebral spurring and posterior end-plate spurring at C3-4. (T. 486) Doctor's notes from Good Samaritan indicated Plaintiff had paresthesia of the arms with supine position and he needed to see a neurosurgeon for further evaluation. (T. 509) On November 18,

5

2011, Plaintiff's neurosurgical consultation was still pending as he had not received the consultation during the relevant time period. (T. 508)

Once Plaintiff obtained health insurance in 2014, he received treatment regarding his neck pain. The test results showed his condition was deteriorating. According to the MRI from February 18, 2014, Plaintiff had a disc bulge at C6-7 with a right lateral recess/right foraminal disc herniation with right lateral recess and foraminal stenosis likely compromising the exiting right C6 nerve root. (T. 33) The MRI report indicated "this had increased in size since the prior MRI on July 25, 2011." (T. 33) Dr. Sumanth Balguri opined the disc bulge at C5-6 was possibly pushing on one of his nerve roots and referred him to a neurosurgeon for further evaluation. (T. 34)

Upon examination, Dr. Joseph Queeney, neurosurgeon at Mercy Clinic, observed Plaintiff had positive Tinel's at the right cubital tunnel on March 10, 2014. After reviewing the x-rays and MRI, Dr. Queeney observed a small disc protrusion on the right side at C5-6 and diagnosed him with cervical radiculopathy and ulnar neuropathy of the elbow. (T. 20, 29) Despite Dr. Queeney's recommendation for physical therapy, Plaintiff wanted the surgery to see if it would help. Dr. Queeney advised the Plaintiff surgery generally helped with radicular pain. Since he did not have radicular pain, surgery might not help. (T. 21, 29) On April 8, 2014, Dr. Queeney performed a C5-C6 anterior cervical discectomy with interbody fusion utilizing an allograft and a C5-C6 anterior arthrodesis utilizing Centinel Spine Stalif cage. (T. 15)

While the medical records from 2014 are outside of the timeframe for this period of disability, they showed Plaintiff's condition deteriorated and corroborated his complaints of pain. In order for the ALJ to have made an informed decision regarding Plaintiff's limitations and restrictions, a neurosurgeon consultative examination should have been ordered. This would have given the ALJ sufficient evidence to have made an informed decision regarding Plaintiff's limitations and

restrictions. See *Gasaway v. Apfel*, 187 F.3d 840, 842 (8th Cir. 1999); *Freeman v. Apfel*, 208 F.3d 687, 692 (8th Cir. 2000) ("[I]t is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision." (citation and internal quotes omitted)).

### RFC determination:

Plaintiff argues the ALJ erred in his RFC determination by relying on APN Pham-Russell's assessment. The undersigned finds APN Pham-Russell was an acceptable source, however, the ALJ erred when he relied on her opinion as it was from 2009 and the MRI from July 2011 showed Plaintiff's condition had deteriorated. (Doc. 10, pp. 17)

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009); *see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).

The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001) Therefore, a claimant's RFC assessment "must be based on medical evidence that addresses the claimant's ability to function in the workplace." "An administrative law judge may not draw upon his own inferences from

medical reports." *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000). Instead, the ALJ should seek opinions from a claimant's treating physicians or from consultative examiners regarding the claimant's mental and physical RFC. *Id.*; *Strongson v. Barnhart,* 361 F. 3d 1066, 1070 (8th Cir. 2004.)

Plaintiff objected to the use of Dr. Rebecca Floyd's consultative examination. Plaintiff was never seen by Dr. Floyd, instead, he was seen by APN Pham-Russell who was, in his opinion, not an acceptable medical source. (T. 182) APN Pham-Russell performed a disability physical on the Plaintiff on May 11, 2009. (T. 443-446) APN Pham-Russell performed a series of objective tests on the Plaintiff and noted detailed findings. Based upon APN Pham-Russell's evaluation, she opined Plaintiff had limited range of motions in his neck. (T. 446) Dr. Rebecca Floyd signed her name to the findings of APN Pham-Russell.

In determining Plaintiff's RFC, the ALJ relied, in part, on the physical examination conducted by APN Pham-Russell. This examination was also used as a basis for denial of Plaintiff's prior claim for social security benefits. For the ALJ to have relied on this was error. The physical examination was not representative of what the Plaintiff could perform at the time of this disability claim. Evidence was submitted during the relevant time period, namely, Plaintiff's MRI in July 2011, showing Plaintiff's condition had worsened. (T. 468) It was incumbent upon the ALJ to obtain a fresh assessment of Plaintiff's condition, and he did not. To rely on an outdated physical examination was error and remand is necessary.

The undersigned finds that substantial evidence did not support the ALJ's RFC determination. In order to make a more informed decision regarding Plaintiff's RFC, the ALJ is directed to obtain a physical RFC, preferably from Dr. Queeney, or another neurosurgeon, detailing Plaintiff's

limitations and restrictions regarding his neck. The RFC should include restrictions and limitations as of Plaintiff's date last insured, March 31, 2012, as well as before and after Plaintiff's surgery.

Although the ALJ did not have the benefit of Dr. Queeney's, Dr. Balguri's, and Good Samaritan's 2013 records, they were submitted to the Appeals Council for review, and showed Plaintiff's condition had deteriorated and he eventually had surgery on his neck. On remand, the ALJ is to take into consideration those records.

### IV.     Conclusion:

Based on the foregoing, I must reverse the decision of the ALJ and remand this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 30th day of June, 2015.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE